[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Gregory St. John, was ineffective in assisting him in that he (1) failed to advise him properly concerning testifying in his own behalf; and (2) failed to call Kristy Chevarella, his co-defendant, as a defense witness. The petitioner called three (3) witnesses, the petitioner, his criminal trial attorney and Kristy Chevarella and submitted the trial transcript as Petitioner's Exhibit 1.
His arrest and convictions arose from charges alleged against him on January 4, 1995. While in the front passenger seat of a motor vehicle then operated by Kristy Chevarella, police officer Bachand found a 9 mm Smith and Wesson hand gun under said seat and charged him with carrying a pistol without a permit and having a weapon in a motor vehicle. The petitioner was on probation at the time and, after a hearing, Judge Sylvester revoked his probation and imposed a three year sentence which had remained unexpired in April of 1995. The charges were tried before a jury and Judge Grogins, and, after a verdict of guilty on both, Judge Grogins on August 1, 1995 imposed a sentence of three years concurrent with each other and consecutive to the sentence imposed for the violation of probation. See Petitioner'sExhibit 1. The evidence presented in the two hearings was basically the same. The two police officers, Bachand and Koches, as they pulled up behind the vehicle with overhead lights on, shining into the vehicle, saw the front passenger move his hand into his coat and bend forward and then straighten up. Both believed that he had removed something and placed it down on the floor of the vehicle. Bachand when he removed that passenger, who he identified as the petitioner from the vehicle and patted him down he found a clip of 9 mm bullets which fit the 9 mm gun found under the front passenger seat. In removing the right rear passenger he found a loaded shot gun in the middle of the backseat which was accessible to all four (4) occupants. Koches testified as to observing that conduct of Bachand. The petitioner testified that the officers had not put on the overhead lights until he had gotten out of the vehicle, the vehicle's windows were tinted so as to blur looking in, that the officer did not pat him down at the scene and did not obtain a clip of bullets from him and that he did not know the gun was under the seat. At the hearing on the violation of probation, the petitioner subpoenaed Kristy Chevarella, the driver of the motor vehicle, who, having likewise been charged with having a weapon in a motor vehicle at the same January 4th event, took the 5th Amendment at the advice of her attorney, the charge not having been resolved. CT Page 4223 At his jury trial in July, 1995 Kristy was again subpoenaed and evidence was presented by the petitioner to show that she was unavailable so that he could produce a claimed admission of Kristy as to her sole ownership and possession of the hand gun in question. Judge Grogins was neither impressed by the diligence in obtaining her presence as a witness nor with the authorship of the alleged statement and denied the admission of said evidence.
At the habeas hearing his criminal trial attorney testified that he did advise the petitioner who had turned down all offers made to him that if Kristy did not testify absolving him it would be necessary to meet the officers' testimony on a one to one basis despite the use for impeachment purposes of his three previous felony convictions. Kristy was not sentenced until after the petitioner's verdict. See Respondent's Exhibit C. The petitioner testified that he didn't want to testify because of his felony convictions at either the hearing on violation of his probation or at his jury trial and would not have if Kristy had testified. Kristy testified at the habeas hearing that she had purchased the gun and the petitioner was not in possession of it.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to prove counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359. He subpoenaed Kristy to both hearings albeit unsuccessfully for the jury trial. She was unavailable by her plea of the fifth Amendment at the hearing on violation of probation and the likelihood, continued to be unavailable at the jury trial if brought to court. The ploy of getting the wanted evidence before the jury by offering her alleged statement of sole culpability was destined to fail. As Attorney Klatt stated in the habeas I hearing the jury just didn't believe him. However, since he refused all offers, his attorney had no choice but suggest that he testify.
It is difficult to understand how the result would be different. The officers' testimony was consistent. The petitioner's was just denial. The officers stopped a motor vehicle which was described on the radio to stop. They did not know any of the occupants nor the alleged suspect, Jermaine Wood. The owner of the vehicle is Jermaine Wood's mother. The operator CT Page 4224 of the vehicle is the mother of Mrs. Wood's son's child. The gun under the seat had been purchased by the operator of vehicle and the petitioner who occupies that seat, despite his denial, has just put the gun under the seat and still has a clip with bullets fitting the gun in his right hand pocket. Even if he did not have three prior felony convictions, he would not be one the court would give much credit for truthfulness.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee